NGUYEN, Circuit Judge,
concurring in the result:'
The market definitions that AFMS advances are cognizable for antitrust purposes. See Yellow Pages Cost Consultants, Inc. v. GTE Directories Corp., 951 F.2d 1158 (9th Cir. 1991). However, AFMS failed to support its legal theories with sufficient evidence to survive summary judgment.
AFMS was not required, as the district court suggested, to provide expert testimony regarding the relevant market. Cf. United States v. Pabst Brewing Co., 384 U.S. 546, 549, 86 S.Ct. 1665, 16 L.Ed.2d 765 (1966) (“Certainly the failure of the Government to prove by an army of expert witnesses what constitutes a relevant ‘economic’ or ‘geographic’ market is not an adequate ground on which to dismiss a [Clayton Act § 7] case.”). The district court was within its discretion, however, in excluding Stuart Brotman’s proffered expert testimony, see Fed. R. Evid. 702; Jinro Am. Inc. v. Secure Invs., Inc., 266 F.3d 993, 1001-04 (9th Cir. 2001), and had no obligation to consider inadequately cited evidence in the voluminous record before it. See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1545 (9th Cir. 1988).